**No. 57731.**—Dulien Steel Products, Inc., of Calif. and W. J. Byrnes & Co., Inc. *v.* United States, protest 183327–K (Los Angeles).

Opinion by Johnson, J.    At the trial, the chief liquidator testified that, although not with the entry, the record papers would indicate that the affidavit of the owner, importer, or consignee on customs Form 3311 had been filed.   He further testified that the collector's office was satisfied that the merchandise was of American manufacture and that no drawback had been claimed or paid upon exportation. It was orally stipulated that three items, one universal cruiser crane, designated as SA or SN–69–57, seven truck cranes, designated SA–50–Eng. 2 to 8, and one truck crane, designated SA–50–E–10 or 15, are of domestic manufacture, having been exported to the United States and returned without having been advanced in value or improved in condition.    On the record presented and following Abstract 47521, the claim of the plaintiffs was sustained as to the above-described items.

**No. 57732.**—Lentheric, Incorporated *v.* United States, protest 191436–K (New York).

Opinion by Johnson, J.    The affidavit for free entry and the declaration of the foreign exporter were duly filed, but the certificate of exportation was not considered by the collector to have fully covered the merchandise.    At the trial, Government counsel recommended that allowances be made in accordance with an amended memorandum of the collector.    On the record presented, the claim of the plaintiff was sustained.

**No. 57733.**—John Alban & Co., Inc., et al. *v.* United States, protests 180616–K, etc. (New York).

Opinion by Johnson, J.    In accordance with stipulation of counsel that the merchandise consists of cheese similar in all material respects to that the subject of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503), the claim of the plaintiffs was sustained.